**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **Andrew Wilkerson Jr.** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case No. ________________** |
| | ) | |
| **Thomas Griffin** | ) | |
| | ) | |
| **Defendant.** | ) | **Jury Trial Demanded** |

## CIVIL COMPLAINT

1. Plaintiff, Andrew Wilkerson, Jr. ("Wilkerson" or "Plaintiff") an adult individual and citizen of the State of Tennessee and who maintains a residence in Nashville, Tennessee.

2. Defendant, Thomas Griffin ("Griffin" or "Defendant"), is an individual and resident of the State of Texas.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action under 28 U.S.C.§ 1331.

4. The Court has supplemental jurisdiction over Plaintiff's related state law claims pursuant to 28 U.S.C. § 1367(a). These state law claims derive from a common nucleus of operative facts and form part of the same case or controversy under Article III of the United States Constitution.

5. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c), because a substantial part of the events giving rise to this claim occurred in the Middle District of Tennessee.

## FACTS

6. Griffin resided in the state of Tennessee when the acts which are the subject of

this complaint took place. On information and belief, Griffin currently resides in Texas.

7. Wilkerson is a professional comedian and resides in Nashville, Davidson County, Tennessee.

8. Wilkerson maintained an account with Mega, a file hosting service that offers end-to-end encrypted cloud storage.

9. Wilkerson hired Griffin to travel with him on his April through May, 2024 comedy tour to film his performances.

10. Griffin travelled with Wilkerson on this tour where Wilkerson performed his comedic act and Griffin recorded these shows.

11. During this time period, Wilkerson granted Griffin permission to access his Mega account to enable Griffin to upload the videos he filmed to enable him to edit the videos on behalf of Wilkerson and to upload these edited videos to Wilkerson's Mega account and social media accounts.

12. Following these shows, Wilkerson notified Griffin that he was withdrawing his permission for Griffin to access his Mega account.

13. On or about November 7, 2024, Griffin accessed Wilkerson's Mega account without authorization, permission or authority, by logging onto the cloud storage drive, destroying files owned by Wilkerson, including files which contained statements by Griffin that were incriminating to him.

## COUNT I
## VIOLATION OF THE STORED COMMUNICATIONS ACT

14. Wilkerson realleges and incorporates herein by reference the allegations contained in paragraphs 1 through 13 of the Complaint.

15. 18 U.S. Code § 2701(a) prohibits an individual from intentionally accessing without authorization a facility through which an electronic communication service is provided; or intentionally exceeds an authorization to access that facility, and thereby obtains, alters, or prevents authorized access to a wire or electronic communication while it is in electronic storage in such system.

16. 18 U.S. Code §2707 provides a civil cause of action for a violation of 18 U.S. Code § 2701(a).

17. Pursuant to §2707, except as provided in section 2703(e), any provider of electronic communication service, subscriber, or other person aggrieved by any violation of this chapter in which the conduct constituting the violation is engaged in with a knowing or intentional state of mind may, in a civil action, recover from the person or entity, other than the United States, which engaged in that violation such relief as may be appropriate.

(b) Relief. In a civil action under this section, appropriate relief includes:

(1) such preliminary and other equitable or declaratory relief as may be appropriate;

(2) damages under subsection (c); and

(3) a reasonable attorney's fee and other litigation costs reasonably incurred.

(c) Damages. The court may assess as damages in a civil action under this section the sum of the actual damages suffered by the plaintiff and any profits made by the violator as a result of the violation, but in no case shall a person entitled to recover receive less than the sum of $1,000. If the violation is willful or intentional, the court may assess punitive damages. In the case of a successful action to enforce liability under this section, the court may assess the costs of the action, together with reasonable attorney fees determined by the court.

18. The actions complained of occurred within two (2) years of the filing of

this complaint.

19. Wilkerson subscribed to and maintained a MEGA account to store his professional videos.

20. The MEGA computer systems and/or servers were facilities through which an electronic communication service is provided under the SCA.

21. MEGA is an electronic communication service provider under the SCA.

22. Wilkerson's video are electronic communications as contemplated under the SCA.

23. Wilkerson’s videos were in electronic storage on the computer systems and/or servers used and/or employed by Wilkerson.

24. Griffin intentionally accessed without authorization a facility through which an electronic communication service is provided and thereby obtained unauthorized access to Wilkerson's stored electronic communications while in electronic storage.

25. Griffin’s conduct was in violation of Section 2701(a)(l) of the SCA.

26. Section 2707 of the SCA provides that any person aggrieved by a violation of the SCA may recover from the person or entity which engaged in the violation “such relief as may be appropriate.”

27. By his illegal actions and conduct aforesaid, Griffin has caused damage to Wilkerson including but not limited to financial loss, emotional distress, mental distress, humiliation, embarrassment and invasion of privacy.

28. Wilkerson is also entitled to an award of statutory damages, statutory attorneys' fees, litigation costs reasonably incurred and other relief deemed appropriate by the Court under

Section 2707 of the SCA.

29. Griffin's malicious conduct warrants an award of punitive or exemplary damages because Defendant's' conduct in reckless disregard of Plaintiff's interests was willful, intentional, malicious, outrageous and the result of improper motive.

**COUNT II**
**VIOLATION OF TENNESSEE PERSONAL COMMERCIAL COMPUTER ACT**
**TENN. CODE ANN. 39-14-601, *et seq.***

30. Wilkerson realleges and incorporates herein by reference the allegations contained in paragraphs 1 through 29 of the Complaint.

31. The actions complained of occurred within two (2) years of the filing of this complaint.

32. Griffin violated the Tennessee Personal and Commercial Computer Act of ("TPCCA"), which provides, among other things, that whoever intentionally and without authorization, directly or indirectly, accesses any computer may be sued in a civil action for damages. Tenn. Code Ann. § 39-14-602(b)(1) and § 39-14-604. The TPCCA also provides a civil remedy against anyone who accesses computer software for the purpose of maliciously gaining access to computer material or to tamper maliciously with computer security devices or makes unauthorized copies of information produced by a computer. Tenn. Code Ann. § 39-14-602(b)(4) and (5).

33. Wilkerson is entitled to recover an award of punitive or exemplary damages as a result of Griffin's outrageous conduct and for the purpose of punishing Griffin for his malicious conduct and deterring them and others from the repetition of similar conduct in the future.

## COUNT III
## CONVERSION

34. Wilkerson Plaintiff realleges and incorporates herein by reference the allegations contained in paragraphs 1 through 33 of the Complaint.

35. Griffin appropriated Wilkerson's audio and video recordings to his own use and benefit by the intentional exercise of dominion over those items in defiance of Wilkerson's rights.

36. Wilkerson suffered damages as a result of this conduct.

37. Griffin's conduct was intentional and his liable for punitive damages.

WHEREFORE, Plaintiff Andrew Wilkerson, Jr. prays for the following relief against Defendant Thomas Griffin:

(a) actual and compensatory damages in an amount to be determined;

(b) an award of punitive damages;

(c) statutory damages;

(d) statutory attorneys' fees;

(e) interest and costs, and;

(f) such other relief as may be deemed appropriate by this Court.

Dated: November 9, 2026.

Respectfully submitted,

/s/ Randall W. Burton
Randall W. Burton, TN Bar No. 015393
Law Office of Randall Burton
1222 16th Avenue, South, Suite 23
Nashville, Tennessee 37212
(615) 620-5838
randallwburton@gmail.com

*Counsel for Plaintiff*